IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00112-CNS

KARIM CHENNAH,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
ROBERT HAGAN, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, and
PAMELA BONDI, Attorney General, U.S. Department of Justice,

    Respondents.

## ORDER

Before the Court are Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. 1, and Emergency Motion for Temporary Restraining Order, ECF No. 2. After ordering Respondents to respond in a show cause order, ECF No. 5, Respondents filed their response to Petitioner's petition and emergency motion, ECF No. 14, arguing both should be denied.

Respondents' arguments are unpersuasive. Explained further below, the Court GRANTS Petitioner's habeas petition, ECF No. 1, and DENIES AS MOOT his emergency motion, ECF No. 2. The Court ORDERS Respondents to immediately release Petitioner

1

from custody. In doing so, the Court presumes familiarity with this case's factual and procedural background, and the legal standards governing the Court's analysis of Petitioner's habeas petition. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

## I.     BACKGROUND

The Court provides a summary of undisputed facts. Petitioner is a gay man from Morocco. *See* ECF No. 14 at 7; ECF No. 1 at 6. He entered the United States on or about October 17, 2024. *See* ECF No. 14 at 7; ECF No. 1 at 6. After being taken into custody by Immigration and Customs Enforcement (ICE), Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *See* ECF No. 14 at 7; ECF No. 1 at 6.

After a merits hearing on June 25, 2025, an immigration judge ordered Petitioner removed to Morocco and granted Petitioner withholding of that removal to Morocco. *See* ECF No. 14 at 7; ECF No. 1 at 6. Petitioner has been detained since June 2025. *See* ECF No. 14 at 7; ECF No. 1 at 6. On or about January 8, 2026, Petitioner was provided with a notice of removal to Cameroon. *See* ECF No. 14 at 7; ECF No. 1 at 12.

Petitioner filed the instant petition on January 10, 2026. ECF No. 1. After transferring Petitioner to Texas from this judicial district, Respondents returned Petitioner to this judicial district on January 22, 2026. *See* ECF No. 16.

## II.    ANALYSIS

Petitioner's habeas challenge is reducible to a core issue: whether there is a substantial likelihood of his removal in the reasonably foreseeable future. *See, e.g.,* ECF

2

No. 1 at 25. There isn't, and Respondents have failed to meet their burden of showing otherwise. *See Zadvydas*, 533 U.S. at 701.

As Respondents acknowledge, Petitioner has been detained for over "209 days," ECF No. 14 at 10, and therefore exceeds the "presumptively reasonable" six-month period of detention. *See, e.g.,* ECF No. 1 at 21–23; *Zadvydas*, 533 U.S. at 701; *Sanchez v. Noem*, No. 5:25–CV–00104, 2025 WL 3760317, at *6 (S.D. Tex. Nov. 14, 2025) ("In *Zadvydas*, the Supreme Court recognized a 6-month period of presumptively reasonable detention." (citation modified)). Therefore, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *Kazemzadeh v. United States*, Case No. 2:25–cv–01941–JAD–NJK, 2026 WL 93122, at *2 (D. Nev. Jan. 13, 2026) ("[A]fter six months, the noncitizen must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody." (citation modified)).

Petitioner has made this showing. As Petitioner observes, he has no travel documents to any other country, including Cameroon, *see, e.g.,* ECF No. 1 at 21, and evidence attendant to his removal to a third country other than Morocco indicates Respondents' removal efforts are at best "haphazard," *id.* at 12. *See also id.* ("[Petitioner] was provided with a notice of removal to Cameroon on January 8, 2026, only after ICE was notified that this petition would be filed. He has no documents to travel to Cameroon.

3

He has affirmatively asserted a fear of removal to Cameroon based on widespread persecution of gay people there." (citation modified)).

This is sufficient to meet his burden under *Zadvydas*, given there is "no indication as to when or if he will be lawfully removed to a third country," *Sanchez*, 2025 WL 3760317, at *10, and ICE "has been unable to remove him" since June 2025, *Kazemzadeh*, 2026 WL 93122, at *3. *See also Jimenez Chacon v. Lyons*, --- F. Supp. 3d ----, No. 2:25–cv–977–DHU–KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025) ("The remote prospect of removal—to a hypothetical third country that may eventually choose to accept him—does not make Petitioner's removal reasonably foreseeable. (citation modified)). Indeed, as discussed further below, Respondents have "yet to even identify a third country to deport [Petitioner] to," and the "burden thus shifts" to Respondents to "respond with evidence sufficient to rebut" Petitioner's initial showing. *Azzo v. Noem*, Case No. 3:25–cv–03122–RBM–BJW, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025) (citation modified).

Respondents argue Petitioner's *Zadvydas* claim fails because "ICE is continuing to take steps to effectuate [his] removal by determining whether to pursue renewed proceedings in the immigration court or whether to designate another country for removal." ECF No. 14 at 10. Central to this argument was Respondents' prior intent to remove Petitioner to Cameroon. *Id.* at 1 ("[H]e has a final order of removal and *was* actively in the process of being removed from the United States to a third country—Cameroon—when he filed his Petition." (emphasis added)). But, based on Respondents' own briefing and evidentiary submissions, that's not happening any longer. *See id.*

4

("While Petitioner *cannot be* imminently removed to that third country . . . ." (citation modified). In the words of Mark Kinsey, a Deportation Officer in ICE's Enforcement and Removal Operations Denver Field Office:

> On January 11, 2026, Petitioner was transferred from the Denver CDF to the Port Isabel Service Processing Center for staging for removal to Cameroon. Petitioner arrived at the facility in Port Isabel on January 13, 2026.
>
> Petitioner claimed fear of removal to Cameroon. ICE referred Petitioner to USCIS for screening for eligibility for protection under 8 U.S.C. § 1231(b)(3).
>
> Between January 13, 2026, and January 15, 2026, USCIS conducted a third country screening interview with Petitioner. At the conclusion of the screening, USCIS determined that Petitioner established *it is more likely than not that he will be persecuted if removed to Cameroon*.
>
> ICE ERO has been made aware of the Court's Order prohibiting Petitioner's removal from the District of Colorado or from the United States without further order of the Court. ICE ERO is in the process of arranging Petitioner's return to the District of Colorado and expects him to return to the Denver CDF by January 22, 2026. *ICE will determine whether to move to reopen proceedings before the immigration court for proceedings solely related to eligibility for withholding of removal or CAT protection, or designate another country for removal.*

ECF No. 14-1 at 5–6 (emphases added).

"Will determine." *Id.* "Whether to move to reopen." *Id.* "Or designate another"—unnamed, unidentified—"country for removal." *Id.* "While Petitioner cannot be imminently removed . . . ." ECF No. 14 at 1. These are not representations or arguments that demonstrate a good reason to believe removal *is* reasonably foreseeable. *Cf. Zadvydas*, 533 U.S. at 701. Numerous courts have persuasively rejected such equivocated, conclusory justifications for continued detention, and based on the current record the

5

Court joins them in rejecting Respondents' infirm justification for Petitioner's continued detention here. *See, e.g., Kazemzadeh*, 2026 WL 93122, at *4 ("[A] document informed [the petitioner] that he was to remain in custody and that ICE 'expects to effectuate [his] removal from the United States in the foreseeable future.' But that conclusory statement, unsupported by concrete facts demonstrating why ICE expects removal to occur, is insufficient to carry the government's burden. The government has provided no details to show what it has done to obtain travel documents . . . [a]nd though the government may not need to provide an exact removal date to meet its burden, it has failed to provide any estimate about when it may obtain [the petitioner's] documents." (citation modified)); *Jimenez Chacon*, 2025 WL 3496702, at *8 ("Respondents have provided no indication that a third country is likely to accept Petitioner in the reasonably foreseeable future."); *Olea Sanchez v. Bondi*, Case No. C25–2573–KKE, 2026 WL 160882, at *4 (W.D. Wash. Jan. 21, 2026) ("Though Officer Dumo makes generalized assertions that ICE is actively pursuing removal to both Cuba and Mexico, he provides no particularized evidence that supports a significant likelihood of removal to either country in the reasonably foreseeable future."); *Azzo*, 2025 WL 3535208, at *4 ("Respondents have not even identified a third country to which they plan to remove Petitioner, much less submitted a travel document or provided an estimate for how long it would take this unidentified third country to respond.").

At bottom, Respondents' own evidentiary submission belies their argument that Petitioner's removal is "significantly likely in the reasonably foreseeable future." ECF No. 14 at 9.

Separately, Respondents argue that the "certified *D.V.D.* class action pending in the District of Massachusetts" limits Petitioner's relief, because "Petitioner is a member of the *D.V.D.* class" and therefore "cannot challenge the adequacy of the process for third-country removal in this case." ECF No. 14 at 12. But this misunderstands the relief that Petitioner seeks. While Petitioner discusses, as he must, the process he has received throughout his immigration proceedings, the relief he seeks is clear: "Where the government cannot demonstrate the significant likelihood of removal in the reasonably foreseeable future, *it must release* [him]." ECF No. 1 at 22 (citation modified); *see also id.* at 25 ("[Petitioner] respectfully requests that this Court order Respondents to immediately release him from detention.").

In other words, Petitioner doesn't seek more or different process—he seeks release from his improperly prolonged detention. Respondents acknowledge as much. *See* ECF No. 14 at 14 ("Petitioner's direct request in this matter is for release rather than additional process to assert a fear-based claim." (citation modified)). Courts have construed such requests as outside *D.V.D.*'s ambit, and given the relief that Petitioner seeks the Court does so as well. *See, e.g., Banoub v. Crawford*, Civil Action No. 3:25cv917, 2025 WL 3723458, at *7 n.13 (E.D. Va. Dec. 23, 2025) ("*D.V.D.* is inapposite. The relief Mr. Banoub seeks—release from detention pending removal—is not relief sought on behalf of the class in *D.V.D.* The Court will not dismiss or stay the Amended Petition as a result of *D.V.D.*" (citation modified)); *Zavvar v. Scott*, Civil Act No. 25–2104–TDC, 2025 WL 2592543, at *3 (D. Md. Sept. 8, 2025) ("Moreover, where Zavvar primarily seeks relief from detention pending any removal, he seeks relief that is not sought on

7

behalf of the class in *D.V.D.*"). Therefore, the Court need not consider Respondents' remaining *D.V.D.* arguments, including their unsupported argument that releasing Petitioner—the outcome that faithful application of *Zadvydas*'s framework to the factual record demands—somehow "contravenes" the Supreme Court's stay determination in the *D.V.D.* class action. ECF No. 14 at 14; *Zadvydas*, 533 U.S. at 701.

* * *

For the reasons set forth above, Respondents have not met their burden of rebutting Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Zadvydas*, 533 U.S. at 701; *Azzo*, 2025 WL 3535208, at *3. And because Petitioner is entitled to immediate release on this basis, *see, e.g., id.*, the Court need not analyze his remaining constitutional claims. *See* ECF No. 1 at 25–28; *Cruz v. Bondi*, C.A. No. 25–cv–262–JJM–PAS, 2025 WL 3295485, at *5 (D.R.I. Nov. 26, 2025) (explaining distinction between "*Zadvydas* claims" and constitutional claims).

### III.   CONCLUSION

Consistent with the above analysis, Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody.

Respondents are ORDERED to notify Petitioner's counsel of the exact time and location of his release no less than three hours prior to releasing him. Respondents are FURTHER ORDERED to file within twenty-four hours of this order a status update

confirming Petitioner's release from custody. Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 2, is DENIED AS MOOT.

DATED this 23rd day of January 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge